ALVIN R. HENSEL ET AL. V. WENZEL HOFFMAN.

FILED SEPTEMBER 20, 1905. No. 13,831.

1. **Erroneous Instruction.** An instruction which withdraws from the jury consideration of an issue of fact concerning which there is a conflict of evidence is reversible error.

2. **Pleading.** A formal admission of a mere conclusion of law in a pleading may be avoided by positive averments of fact in the same pleading which show the admission to be erroneous.

ERROR to the district court for Douglas county: WILLARD W. SLABAUGH, JUDGE. *Reversed.*

*McGilton, Gaines & Storey,* for plaintiffs in error.

*B. N. Robertson, contra.*

AMES, C.

One Eggen was the owner and in possession of certain laundry machinery situate in a certain building in Omaha.

He executed a mortgage upon it to the defendant in error, plaintiff below, and turned the possession over to him by delivering to him the keys of the building in which it was situated. An execution upon a judgment against the mortgagor came into the hands of the plaintiff in error, defendant below, who was a constable. This is an action for conversion against the constable and the surety upon his official bond. The petition alleges that Hensel, under color of his office and by virtue of the execution, "wrongfully and unlawfully took from the possession" of the mortgagee the property in question and converted it to his own use, to the damage of the plaintiff. The answer admits that the constable levied the writ upon the property mentioned, and that he advertised it for sale under the writ and made a sale of it, but alleges "that neither at the time said chattels were levied on, nor at the time of the sale thereof of defendant Eggen's interest therein, nor at the sale, were said chattels disturbed or moved by the said Hensel, nor have they been moved at any time since by any one; and these defendants further allege that nothing whatever was done to place the property in controversy beyond the reach of plaintiff mortgagee, nor to prevent him from taking possession of it, nor has plaintiff ever been refused possession of said chattels, neither at the time of the levy nor since, by the parties to this suit," and that the property since the sale has been in the same building and condition in which it was at the time of the levy, and at all times subject and free to be taken possession of by the mortgagee, to whom possession had been tendered by the purchaser. Defendant in error contends that this answer admits the levy, and consequently a conversion of the property, if he was in possession and his mortgage was valid when the levy was made, which latter mentioned facts are not disputed; but the plaintiff in error argues, we think more cogently, that, if the negative averments of the answer are true, there was in reality no levy and no trespass, and that the formal admission of a levy is an admission of a mere conclusion of

law which is conclusively shown to be erroneous, and by which, therefore, plaintiff in error is not bound. The negative averments are put in issue by the reply, and the evidence with respect to them is conflicting. The answer further alleges that the constable did not know of the mortgage, or that the mortgagee was or claimed to be in possession thereunder, until the day before the sale was advertised to take place and did occur, when he was informed of it by an agent and attorney of the mortgagee, and agreed with him that the sale should proceed, but should be a sale of the mortgagor's interest only, subject to the lien of the mortgage, and that a statement to this latter effect was made publicly and in the hearing of the bidders when the sale was cried, and that such interest was all that the purchaser acquired or claimed by reason of the sale, as the mortgagee well knew, and that, if the latter had failed to take actual possession of the goods and sell them for the satisfaction of his debt, such failure was due to his own neglect or obstinacy, and not to any act or fault of the constable or purchaser, or anyone acting by the direction or under the authority of either of them. But these allegations are also put in issue by the reply, and the evidence concerning them is in conflict.

Two instructions are complained of. One is numbered 2 in the record, and is to the effect that the burden of proof is upon the plaintiff in error, defendant below, to establish by a preponderance of evidence that he did not at the time of the alleged levy "place said mortgaged chattels beyond the reach or control of the plaintiff, Hoffman." It is undisputed that the situation of the chattels did not change between the times immediately before the levy and after the sale. The levy, as we have already said, was, as we interpret the answer, practically denied, and it was expressly averred that the situation or possession of the goods was at no time disturbed, and that nothing was done to prevent access to them by the mortgagee. As respects the trespass, the real wrong or gravamen of the charge in the petition of the plaintiff, the answer did not differ

in legal effect from a general denial, and the plaintiff was not relieved of the burden of making that charge good by a preponderance of the evidence. This instruction was therefore, we think, erroneous.

Exception was also taken to an instruction numbered 6 which told the jury, "If you believe from the evidence that the plaintiff Hoffman was in the possession of chattels mortgaged at the time the levy was made thereon by defendant Hensel, * * * you should find for the plaintiff and assess his recovery," etc. This instruction withdrew from the jury the defense that, although the chattels were at all times in the possession of the plaintiff, such possession was not disturbed; and the sale was made, by the agreement of the parties, expressly subject to the lien of the mortgage, and was nearly or quite equivalent, in the then state of the record, to a peremptory instruction to return a verdict for the plaintiff. We recommend therefore that the judgment of the district court be reversed and the cause remanded for a new trial.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for a new trial.

REVERSED.